## MARTIN v. HULL et al.

### No. 6823.

United States Court of Appeals for the District of Columbia.

Decided June 1, 1937.

Rehearing Denied July 19, 1937.

M. D. Rosenberg, H. Winship Wheatley, and Nathan M. Lubar, all of Washington, D. C., for appellant.

John S. Meaney, of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

ROBB, Associate Justice.

Appeal from a judgment in the District Court of the United States for the Dis-

trict of Columbia in an action under the Securities Act of 1933, as amended,[1] making it unlawful for any person to use the mails or any means of interstate commerce for the sale of securities unless a registration statement has previously been filed with the Federal Trade Commission (hereinafter called the Commission) and has duly become effective.

Section 11(a) of the Act, as amended 15 U.S.C.A. § 77k(a) provides in part that "in case any part of the registration statement, when such part became effective, contained an untrue statement of a material fact or omitted to state a material fact required to be stated therein or necessary to make the statements therein not misleading, any person acquiring such security (unless it is proved that at the time of such acquisition he knew of such untruth or omission) may, either at law or in equity, in any court of competent jurisdiction, sue—(1) every person who signed the registration statement; (2) every person who was a director of (or person performing similar functions) or partner in, the issuer at the time of the filing of the part of the registration statement with respect to which his liability is asserted."

The suit, based on the above section of the act, was filed by appellant as plaintiff against the Continental Distillers and Importers Corporation, appellees Hull and Butler, James F. Coupal, and Dan F. Reynolds. The suit was abated as to Coupal, he having died before it came to trial. The Corporation and Reynolds filed pleas, but failing to offer evidence, the court directed a verdict against them. Hull and Butler introduced evidence in support of their pleas and on the verdict of the jury in their favor judgment was entered, from which plaintiff appealed.

The Corporation filed with the Commission a "registration statement" which, with amendments, became effective January 18, 1934. The Corporation was organized for the alleged purpose of operating a distillery at Shrewsbury, Pa.

The declaration, filed April 16, 1935, alleged that the registration statement of the Corporation contained an untrue statement of a material fact, in that it stated "that it had fixed assets of land, buildings, machinery and equipment valued at cost at $125,000"; and further: "Buildings are of brick and frame construction, remodeled and specially constructed for distilling purposes, and consist of grain storage, milling, fermenting, power, distilling, warehouse buildings and garage." The declaration further alleged that the registration statement was signed by defendants Hull and Butler as directors, and that the stock purchased by plaintiff for $4,050 was worthless.

Under paragraph 3(C) of Section 11(b), as amended (15 U.S.C.A. § 77k(b) (3)(c) a person, other than the issuer, is not liable if he sustains the burden of proof that "as regards any part of the registration statement purporting to be made on the authority of an expert (other than himself) or purporting to be a copy of or extract from a report or valuation of an expert (other than himself), he had no reasonable ground to believe and did not believe, at the time such part of the registration statement became effective, that the statements therein were untrue or that there was an omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading, or that such part of the registration statement did not fairly represent the statement of the expert or was not a fair copy of or extract from the report or valuation of the expert."

The defendants contended and introduced evidence tending to prove that the alleged untrue statements were made on the authority of experts other than themselves and that the defendants had no reasonable ground to believe and did not believe, at the time such part or parts of the registration statement became effective, that the statements therein were untrue, or that there was an omission to state a material fact required to be stated therein; or, if untrue, that the plaintiff at the time of the acquisition of the stock by him knew that the statements relative to value were untrue.

Plaintiff requested the court to charge the jury as a matter of law that if the defendants did not exercise "the high degree of care necessary in the protection of the interests of the stockholders of the Corporation, then they have not acted as reasonably prudent men would

[1] Act of May 27, 1933, c. 38, 48 Stat. 74, as amended by Title 2 of the Securities Exchange Act of 1934, Act of June 6, 1934, c. 404, 48 Stat. 881, 905 (U. S.C.A. tit. 15, § 77a et seq.).

have acted." Over exception of plaintiff, the court sustained defendants' objection, and this is assigned as error. In our view the ruling of the court was proper.

The Securities Act grew out of a bill which, according to the report of the House Committee,[2] was intended to entitle the buyer of securities, sold upon a registration statement including an untrue statement or omission of a material fact, to sue for recovery of his purchase price, or for damages not exceeding such price, those who participated in such distribution "either knowing of such untrue statement or omission or having failed to take due care in discovering it. * * * All these [directors, etc.] are liable to the buyer not only if they cannot prove they did not know of the flaw in the information offered the public but also if they cannot prove that they could not have found that flaw 'after reasonable investigation' and that they 'had reasonable ground to believe and did believe * * * that such statement was true or that there was no such omission.' This throws upon originators of securities a duty of competence as well as innocence."

According to the statement of the House conferees accompanying the Conference Report[3] on the bill, "a point of difference between the House bill and the Senate amendment concerned the civil liability of persons responsible for the flotation of an issue. The Senate amendment imposed upon the issuer, its directors, its chief executive and financial officers, a liability which might appropriately be denominated as an insurer's liability. They were to be held liable without regard to whatever care they might have used for the accuracy of the statements made in the registration statement. The House bill, on the other hand, measured liability for these statements in terms of reasonable care, placing upon the defendants the duty, in case they were sued, of proving that they had used reasonable care to assure the accuracy of these statements. The standard by which reasonable care was exemplified was expressed in terms of a fiduciary relationship. * * * In choosing between these two standards of liability, the Senate accepted the standards imposed by the House bill." This standard in the 1933 act is set forth in section 11(c) (48 Stat. 82) as follows: "In determining, for the purpose of paragraph (3) of subsection (b) of this section, what constitutes reasonable investigation and reasonable ground for belief, the standard of reasonableness shall be that required of a person occupying a fiduciary relationship."

The standard of reasonable care was restated in the Securities Exchange Act of 1934, which amended section 11(c) to read as follows: "(c) In determining, for the purpose of paragraph (3) of subsection (b) of this section, what constitutes reasonable investigation and reasonable ground for belief, the standard of reasonableness shall be that required of a prudent man in the management of his own property." (15 U.S.C.A. § 77k(c).

■ Plaintiff assigns as error the granting of defendants' prayer that if the jury "find that the plaintiff knew at the time of the acquisition by him" that the alleged false statements were untrue, then their verdict should be for the defendants. Section 11(a) bars plaintiff's recovery if "it is proved that at the time of such acquisition he knew of such untruth or omission." Since there was evidence tending to show that at the time of the acquisition of the stock plaintiff knew that material statements relative to value were untrue, it was proper to submit that question to the jury.

■ Plaintiff was denied prayers that if the jury should find that the registration statement contained an untrue statement of a material fact then their verdict should be for the plaintiff, "unless the jury believes that the defendants Butler and Hull had reasonable ground to believe that the statements were true as to which the burden of proof is upon the defendants." Besides being defective in that the prayers do not require (in conformity with the statute here involved) that the jury find that the defendants "did believe," in addition to a finding that they "had reasonable ground to believe," that the statements were true—the prayers, in the state of the evidence, were improper because they also fail to include a finding by the jury that the plaintiff "at the time of such acquisition" of the stock did not know of such untruth or omission. The assignments of error as to such prayers are without merit.

■ Plaintiff further assigned as error the granting of defendants' prayer that if

[2] H.Rep. 85, 73d Cong. 1st Sess., p. 9.

[3] H.Rep. 152, 73d Cong. 1st Sess., p. 26.

the jury find that the alleged untrue statements were made on the authority of an expert and that the defendants "had no reasonable ground to believe and did not believe that the said statements in the Registration Statement were untrue, then your verdict shall be for the defendants." Plaintiff contends that this prayer is objectionable because it does not state the "standard of reasonableness." The court in its charge, however, stated that the statute had given a definition to the term "reasonable ground for belief," "which we are all bound by. Reasonable ground meant in this case and as you will test the matter, that standard of reasonableness required by a prudent man in the management of his own property." The court did not err in granting defendants' prayer.

We have carefully considered the other contentions of appellant and find them without merit.

Judgment affirmed.

Affirmed.

STEPHENS, Associate Justice.

I dissent. I think it was erroneous for the trial court to submit to the jury the question of the appellant's knowledge of the untruth of the registration statements—for the reason that there was no substantial evidence in the record on the subject.